IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CASE NUMBER:

| | |
|---|---|
| Builders Mutual Insurance Company,<br><br>            Plaintiff,<br><br>    v.<br><br>Wingard Properties, Inc., James Thomas Wingard III, Deborah Wingard, and The Sater Design Collections, Inc.,<br><br>            Defendants. | **COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Non-Jury)** |

   A case involving similar issues, with the same caption as above, was filed but dismissed without prejudice (Civil Action Number 4:09-cv-00583-RBH). The Plaintiff seeks declaratory relief to determine the rights of the parties. The Plaintiff, Builders Mutual Insurance Company ("Builders Mutual"), complaining of the Defendants above-captioned, would respectfully allege and show as follows:

## JURISDICTION

   1.  The Plaintiff is an insurance company organized and existing under the laws of the State of North Carolina with its principal place of business in North Carolina; the Plaintiff is authorized to transact business and write insurance policies in the State of South Carolina.

   2.  Upon information and belief, the Defendant Wingard Properties, Inc. is a corporation organized and existing under the laws of the State of South Carolina and maintains its principal offices in Horry County, South Carolina.

   3.  Upon information and belief, Defendants James Thomas Wingard III and Deborah Wingard are citizens and residents of Horry County, South Carolina. Wingard Properties, Inc. and Mr. and Mrs. Wingard are collectively referred to as "Wingard."

1

4. Upon information and belief, Defendant The Sater Design Collections, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business in the State of Florida.

5. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57, Fed. R. Civ. P. There is a real and justiciable controversy between the parties, and by these proceedings Builders Mutual asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

6. The amount in controversy exceeds Seventy Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. §1332(a)(1).

## FACTUAL ALLEGATIONS

7. Plaintiff issued commercial general liability policy number CPP 0015855 02 to Wingard Properties ("The Policy"). The policy was in effect from May 1, 2003 through May 1, 2006.

8. The Policy insured Wingard Properties for certain risks specified in the insuring agreements, and excluded certain risks through exclusions. Plaintiff craves reference to this policy for all of the terms, conditions, and provisions therein and incorporates them by reference herein. (A copy of the policy is attached as Exhibit "A".)

9. Defendant The Sater Design Collections, Inc. filed an action against Defendants Wingard Properties, Inc., James T. Wingard III, and Deborah Wingard. The action is pending in the Florence Division of the United States District Court and is styled as follows: The Sater Design Collections, Inc. vs. Wingard Properties, Inc., et al., C/A number 4:08-cv-04101-TLW

("the underlying case"). All of the allegations of the Second Amended Complaint in the underlying case are incorporated herein by reference.

10. In relevant part, the Complaint in the underlying case alleges that Wingard designed and constructed multiple residences which were built from copyrighted architectural plans created by Defendant Sater Design Collections.

11. The Complaint in the underlying case further alleges that Wingard advertised and otherwise marketed the houses built from the copyrighted plans on websites, in printed materials, and at the site of construction.

12. Sater Design Collections asserted four causes of action for copyright infringement in the underlying case based on alleged infringement of the "6910", the "6746", the "6653", the "6721", the "6719", and the "6756" designs.

13. The damages sought in the underlying case are: all profits derived from the infringement of the copyrights or, alternatively, for statutory damages, and for attorney's fees and costs.

14. As it relates to Sater's claims against the underlying defendants, The Policy only covers liability for damages because of "personal and advertising injury," as defined in the policy, caused by an offense arising out of the named insured's business.

15. The Policy defines "personal and advertising injury" as injury arising from, among other things, "infringing upon another's copyright . . . in your 'advertisement.'"

16. The Policy defines "advertisement" as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters."

17. The Policy contains exclusion i., which excludes from coverage "'Personal and advertising injury' arising out of the infringement of copyright . . . or other intellectual property rights.'" This exclusion is subject to an exception for copyright infringement in the named insured's "advertisement."

## FOR A FIRST DECLARATION

18. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 17 as if fully set forth herein verbatim.

19. The Policy only covers liability for copyright infringement in the insured's "advertisement."

20. Construction of a residence does not constitute an "advertisement" as defined in the policy. No other form of advertisement has been identified.

21. Upon information and belief, Sater suffered no damages on account of any advertisement which may have included any infringing design.

22. Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for liability of Wingard to Sater for damages in the form of copyright infringements, which are not in Wingard's advertisements, if any, disgorged profits, statutory damages, or any other damages arising from the alleged copyright infringements.

## FOR A SECOND DECLARATION

23. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 22 as if full set forth herein verbatim.

24. Upon information and belief, some or all of the personal and advertising injury, if any, was done intentionally by Wingard.

4

25.     Upon information and belief, as a result of the intentional conduct, the liability of Wingard is excluded by the "known violation of rights" exclusion which provides:

> "Personal and advertising injury" caused by or at the direction of the insured with knowledge at the act would violate the rights of another and would inflict "personal and advertising injury" and
> Is excluded by the policy.

26.     Therefore, the Plaintiff is entitled to a declaration that any damages arising from the known violation of Sater's intellectual property rights, unfair trade practices or competition, or a knowing infliction of personal and advertising injury is barred by this policy provision and no coverage exists.

## FOR A THIRD DECLARATION

27.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 26 as if full set forth herein verbatim.

28.     Upon information and belief, to the extent that Wingard published advertisements containing infringing designs, some or all of those were published prior to the inception of the policy periods covered by The Policy.

29.     Upon information and belief, as a result of the intentional conduct, the liability of Wingard is excluded by the "material published prior to the policy period" exclusion which provides:

> "Personal and advertising injury" arising out of oral or written publication material whose first publication took place before the beginning of the policy.

30.     Therefore, the Plaintiff is entitled to a declaration that Sater's damages arising from any Wingard advertisement published prior to the inception of The Policy, if any, are barred by this policy provision and no coverage exists for them under The Policy.

5

## **FOR A FOURTH DECLARATION**

31.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 30 as if full set forth herein verbatim.

32.     The policy contains an exclusion for infringement of copyright, patent, trademark or trade secret claims.

**WHEREFORE**, Plaintiff requests that this honorable Court inquire into these matters and declare that the policy does not provide coverage for the damages alleged to have been caused by the acts of Wingard, that the Plaintiff is not liable to Wingard for a damages verdict rendered against them, that the Plaintiff does not owe a defense to Wingard, and does not owe payment of any indemnity or insurance proceeds to Wingard or Sater for the reasons set forth above.  The Plaintiff further prays for its costs and disbursements incurred in this action and such other and further relief as the court may deem just and proper.

                                                MURPHY & GRANTLAND, P.A.

                                                s/Adam J. Neil, Esquire
                                                J. R. Murphy, Esquire (Fed. I.D. #3119)
                                                Adam J. Neil, Esquire (Fed. I.D. #7857)
                                                Timothy J. Newton, Esquire (Fed. I.D. #9807)
                                                4406-B Forest Drive (29204)
                                                Post Office Box 6648
                                                Columbia, South Carolina 29260
                                                (803) 782-4100
                                                Attorneys for Plaintiff, Builders Mutual Ins. Co.

Columbia, South Carolina
March 29, 2010