IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Builders Mutual Insurance Company, ) | C/A No. 4:10-786-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Wingard Properties, Inc., James Thomas ) | |
| Wingard III, Deborah Wingard, ) | |
| The Sater Design Collections, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on the motion [Entry #27] of plaintiff Builders Mutual Insurance Company ("Plaintiff") for an order pursuant to Fed. R. Civ. P. 12(f) striking portions of the answer of defendant The Sater Design Collections, Inc. ("Sater"). Because this is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

I.  Factual and Procedural Background

Plaintiff filed this declaratory judgment action to determine coverage under a commercial general liability policy ("Policy") it issued to defendant Wingard Properties, Inc. ("Wingard Properties"). According to Plaintiff, the Policy insured for certain risks specified in the insuring agreements and excluded certain risks through exclusions. Separately, Sater filed an action against Wingard Properties, James T. Wingard III, and Deborah Wingard, which is also pending in this court ("the underlying case"). The Complaint in the underlying case alleges that defendants designed, constructed, advertised and marketed residences built

from the unauthorized use of copyrighted architectural plans Sater created. Specifically, Sater asserted four causes of action for copyright infringement in the underlying case and sought damages for all profits derived from the infringement of the copyrights or, alternatively, for statutory damages, and for attorneys' fees and costs.

II. Discussion

In its motion to strike, Plaintiff argues that the Policy contains a provision which excludes from coverage "'Personal and advertising injury' arising out of the infringement of copyright . . . or other intellectual property rights." The exclusion is subject to an exception for copyright infringement in the named insured's "advertisement." Plaintiff contends that all damages claimed in the underlying case are excluded from coverage under the Policy.

Plaintiff moves to strike: (1) Sater's claims for attorneys' fees and costs; (2) Sater's request that this court retain jurisdiction of this matter for an as-yet unasserted bad faith cause of action; and (3) Sater's request for a jury trial.

A. Attorneys' Fees & Costs

In its response [Entry #34], Sater consents to the striking of its prayer for attorneys' fees, but opposes the motion to strike its request for costs. Plaintiff offers no reason Sater should not be entitled to taxable costs should it prevail in this matter. The rules permit costs to the prevailing party, therefore, the court recommends that the motion to strike Sater's request for costs be denied. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be

from the unauthorized use of copyrighted architectural plans Sater created. Specifically, Sater asserted four causes of action for copyright infringement in the underlying case and sought damages for all profits derived from the infringement of the copyrights or, alternatively, for statutory damages, and for attorneys' fees and costs.

II. Discussion

In its motion to strike, Plaintiff argues that the Policy contains a provision which excludes from coverage "'Personal and advertising injury' arising out of the infringement of copyright . . . or other intellectual property rights." The exclusion is subject to an exception for copyright infringement in the named insured's "advertisement." Plaintiff contends that all damages claimed in the underlying case are excluded from coverage under the Policy.

Plaintiff moves to strike: (1) Sater's claims for attorneys' fees and costs; (2) Sater's request that this court retain jurisdiction of this matter for an as-yet unasserted bad faith cause of action; and (3) Sater's request for a jury trial.

A. Attorneys' Fees & Costs

In its response [Entry #34], Sater consents to the striking of its prayer for attorneys' fees, but opposes the motion to strike its request for costs. Plaintiff offers no reason Sater should not be entitled to taxable costs should it prevail in this matter. The rules permit costs to the prevailing party, therefore, the court recommends that the motion to strike Sater's request for costs be denied. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be

from the unauthorized use of copyrighted architectural plans Sater created. Specifically, Sater asserted four causes of action for copyright infringement in the underlying case and sought damages for all profits derived from the infringement of the copyrights or, alternatively, for statutory damages, and for attorneys' fees and costs.

II. Discussion

In its motion to strike, Plaintiff argues that the Policy contains a provision which excludes from coverage "'Personal and advertising injury' arising out of the infringement of copyright . . . or other intellectual property rights." The exclusion is subject to an exception for copyright infringement in the named insured's "advertisement." Plaintiff contends that all damages claimed in the underlying case are excluded from coverage under the Policy.

Plaintiff moves to strike: (1) Sater's claims for attorneys' fees and costs; (2) Sater's request that this court retain jurisdiction of this matter for an as-yet unasserted bad faith cause of action; and (3) Sater's request for a jury trial.

A. Attorneys' Fees & Costs

In its response [Entry #34], Sater consents to the striking of its prayer for attorneys' fees, but opposes the motion to strike its request for costs. Plaintiff offers no reason Sater should not be entitled to taxable costs should it prevail in this matter. The rules permit costs to the prevailing party, therefore, the court recommends that the motion to strike Sater's request for costs be denied. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be

allowed to the prevailing party"); Local Civil Rule 54.03, D.S.C. (enumerating taxable costs).

    B.    Retaining Jurisdiction Over Bad Faith Action

Plaintiff requests striking Sater's request that the court retain jurisdiction over any potential bad faith action that may arise. While not conceding Plaintiff's rationale for striking its request, Sater consents to striking the request on the grounds that it does not present a ripe claim or controversy presently. *See Permanent General Assur. Corp. v. Moore*, 341 F. Supp. 2d 579, 581 (D.S.C. 2004) ("to present an actual case or controversy, the 'facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment'" (*quoting Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The undersigned recommends that the court strike Sater's request that the court retain jurisdiction over any potential bad faith action that may arise because it does not present a ripe claim or controversy.

    C.    Demand for Jury Trial

Lastly, Plaintiff requests the court strike Sater's request for a jury trial on the grounds that South Carolina law holds that the construction of an insurance policy should be determined as a matter of law by the court, *citing TC X, Inc. v. Commonwealth Land Title Ins. Co.*, 928 F. Supp. 618 (D.S.C. 1995) [Entry #27 at p. 4]. Sater opposes the motion, arguing that it has a right to a jury trial in this declaratory judgment action because the Federal Declaratory Judgment Act ("FDJA") preserves the Seventh Amendment right to a

jury trial for both parties in actions at law (*i.e.*, matters that determine legal rights), *citing Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959) [Entry #28 at p. 3].

It is well-settled that, in declaratory judgment actions brought in federal courts, federal law determines whether there exists a right to a jury trial. *See Simler v. Conner*, 372 U.S. 221, 222 (1963). This proposition is true whether jurisdiction is based on diversity or another basis. *Id.*[1] The right to a jury trial in a matter brought under the FDJA depends upon "whether there would have been a right to a jury trial had the action proceeding without the declaratory judgment vehicle." *In re Lockheed Martin Corp.*, 503 F. 3d 351, 355 (4th Cir. 2007) (*citing Beacon Theatres*, 359 U.S. at 504). In other words, although the FDJA permits prospective defendants to bring suit seeking to establish their nonliability, whether the parties are entitled to a jury trial turns on the nature of the suit if it had been raised in the more traditional manner of a party's seeking affirmative relief. 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2313 (3d. ed.).

Here, Plaintiff brought a declaratory judgment in which it seeks the court's declaration that the policy at issue does not cover the underlying claims against Sater, *i.e.*, it seeks to establish its nonliability under its insurance contract with Sater. This declaratory judgment action, then, concerns rights and liabilities under a contract of insurance. The issue, then,

---

[1] "While the substantive dimension of a claim in diversity cases finds its source in state law, the characterization of the state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." 10 KATHRYN SMITH, FEDERAL PROCEDURE, LAWYERS EDITION § 23:57 (*citing Simler*, 372 U.S. 221).

becomes whether such an action is "legal" or "equitable" in nature. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (explaining that Seventh Amendment to United States Constitution guarantees the right to a jury trial in "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered"). Suits regarding rights and liabilities pursuant to a contract are legal actions. *See, e.g., Simler*, 372 U.S. at 222–23 (holding matter in which client sought a declaration regarding what amount of fees he owed his attorney pursuant to their fee agreement was "in its basic character a suit to determine and adjudicate" the amount of fees owed under a contract, and was a legal action).

The undersigned is of the opinion that this matter is one at law, as opposed to being one at equity, and recommends that Plaintiff's motion to strike Sater's jury demand be denied. In making this recommendation, the undersigned offers no opinion or recommendation regarding whether the claims in this action will require decisions as to issues of fact for which a jury will actually be needed, however. Whether issues of fact must be decided in order for the court to reach its decision regarding the coverage questions Plaintiff has raised will be considered in ruling on any motions for summary judgment the parties may bring at an appropriate time.

III. Conclusion

For the foregoing reasons, it is recommended that Plaintiff's Motion to Strike [Entry # 27] be granted in part and denied in part, as follows: (1) be denied as to Sater's prayer for

costs and demand for a jury trial; (2) be granted as to Sater's prayer for attorney's fees and its prayer that this court retain jurisdiction over a potential bad faith claim.

    IT IS SO RECOMMENDED.

November 30, 2010                        Shiva V. Hodges
Florence, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**